IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

TERRANCE WARE,
Defendant.

Case No. 05–CR–40043–JPG–3

## ORDER

Before the Court is Defendant Terrance Ware's Motion for Compassionate Release. (ECF No. 234).

Ware is serving an 18-month sentence on a revocation for several drug-related violations. (Judgment for Revocation at 1–2, ECF No. 231). He is incarcerated at the U.S. Penitentiary in Memphis, Tennessee ("USP Memphis"). *Inmate Locator*, Bureau of Prisons (last visited May 7, 2021).[1]

In January 2021, Ware moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*. (Def.'s Mot. at 4). He contends that serious medical conditions—a history of stroke and severe acute respiratory syndrome—make him especially vulnerable to the COVID-19 virus. (*Id.* at 4–5). In brief, Ware argues that his increased risk of experiencing serious complications if he contracts COVID-19 is an *extraordinary and compelling* reason warranting his release. (*Id.*).

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). The burden of proof

---

[1] *Available at* https://www.bop.gov/inmateloc/.

rests on the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Court acknowledges the particular danger posed by COVID-19 to prisoners, who live in close quarters and often cannot practice social distancing. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Director of the Bureau of Prisons is in the best position to know which inmates are most vulnerable to infection and whether they still pose a public-safety risk. And since March 2020, the Bureau has released over 25,000 inmates that it has identified as "suitable for home confinement," *Coronavirus*, Bureau of Prisons (last visited May 7, 2021),[2] "a 250% increase in home confinement placements since the beginning of the pandemic," Statement of Michael D. Carvajal, Director, Federal Bureau of Prisons Before the Committee on the Judiciary, United States Senate (Apr. 15, 2021).[3] More importantly, as of April 19, 2021, *all federal inmates are eligible for a vaccine. Id.* As a result, the Director expects that "by mid-May, . . . all inmates will have been provided the opportunity to be vaccinated." *Id.*

With that in mind, there are not extraordinary and compelling reasons warranting a sentence modification here. Ware may have already been vaccinated since moving for compassionate release. If not, then he may receive the vaccine now. If he rejects it for whatever reason, the risk of infection will still be greatly reduced thanks to the more than 80,000 inmates that have accepted invitations to receive the vaccine (40,000 of which have already received both

---

[2] *Available at* https://www.bop.gov/coronavirus/.

[3] *Available at* https://www.judiciary.senate.gov/imo/media/doc/BOP%20Director%20-%20%20Written%20Statement%202021-04-15%20SJC%20Hearing%20.pdf.

doses). *Oversight of the Federal Bureau of Prisons: Hearing Before the Judiciary Comm.*, 117 Cong. (2021) (statement of Michael Carvajal, Dir. of BOP).[4] And according to the Bureau, no inmate at FCI Memphis currently has the virus. *Coronavirus*, BOP (last visited May 7, 2021).[5] In sum, the risk posed to Ware by the pandemic is not currently extraordinary and compelling. If the situation changes, then he may move for compassionate release again after exhausting his administrative remedies.

For those reasons, the Court **DENIES** Defendant Terrance Ware's Motion for Compassionate Release.

**IT IS SO ORDERED.**

**Dated: Friday, May 7, 2021**

            <u>S/J. Phil Gilbert</u>
            **J. PHIL GILBERT**
            **UNITED STATES DISTRICT JUDGE**

---

[4] *Available at* https://www.judiciary.senate.gov/meetings/04/08/2021/oversight-of-the-federal-bureau-of-prisons.

[5] *Available at* https://www.bop.gov/coronavirus/.